UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATORIA GREENE,

    Petitioner,

v.                                                 Case No. 4:22-cv-46/AW/ZCB

ERICA STRONG,
Warden of FCI Tallahassee,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This is a *pro se* habeas corpus case filed under 28 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons (BOP) improperly denied her additional sentencing credit. (Doc. 5). Respondent has moved to dismiss the petition, claiming that Petitioner failed to exhaust her administrative remedies. (Doc. 11). Petitioner has responded (Docs. 12, 16), and the matter is ripe for decision. For the reasons below, this case should be dismissed without prejudice for failure to exhaust.

### I.    Background

    On July 15, 2015, the U.S. District Court for the Middle District of Georgia sentenced Petitioner to 120 months of imprisonment after she was convicted of stealing government property, aggravated identity theft, and access device fraud. (*United States v. Greene*, No. 1:14-cr-30-WLS-TQL, Docs. 44, 48 (M.D. Ga.)).

1

Petitioner is currently incarcerated at the Federal Correctional Institution in Tallahassee, Florida. (Doc. 5). Petitioner is a frequent filer of § 2241 petitions, having had four previous § 2241 petitions dismissed for various reasons.[1] In the current case, Petitioner challenges the BOP's denial of extra time credits under the First Step Act. More specifically, she claims the BOP has wrongly failed to give her 365 days of sentencing credit for her participation in Evidence Based Recidivism Reduction (EBRR) and Productive Activities (PA) since the enactment of the First

---

[1] First, she filed a § 2241 petition in December of 2017. In that case, Petitioner challenged the validity of her convictions and sentence. Her petition was ultimately dismissed due to lack of jurisdiction. (Case 4:17-cv-592-WS/EMT, Doc. 25). Next, in November of 2018, she filed a § 2241 petition in Case 4:18-cv-510-RH/MJF. In that case, she sought recalculation of her good time credit and an order modifying the length of her confinement. Her petition was dismissed for failure to exhaust and, alternatively because it lacked merit. (Case 4:18-cv-510-RH/MJF, Doc. 25). Then in January of 2020, Petitioner filed a § 2241 petition challenging her detention and restraint. That case was dismissed for failing to pay the filing fee. (Case 4:20-cv-46-WS/EMT, Doc. 6). Her next § 2241 petition was filed in October of 2020, and it alleged that BOP failed to apply "earned time" under the First Step Act. That case was dismissed for failure to exhaust administrative remedies and because it was premature. (Case 4:20-cv-508-MW/MJF, Docs. 20, 23). In addition to those § 2241 petitions, Petitioner has also filed the following actions: Case 4:17-cv-364-WS/CAS ("Bond in Lieu of Deposit of Funds into Registry of Court" 28 U.S.C. 1333(A)(2), dismissed for failure to prosecute in November 2017); and Case 4:21cv260-MW/MJF (Complaint for Declaratory Judgment and Damages under 28 U.S.C. § 2201, the First, Eighth and Fourteenth Amendments, the Religious Freedom Restoration Act, the Federal Tort Claims Act, 28 U.S.C. § 1346, 28 U.S.C. § 2241 and Florida state laws, dismissed without prejudice for each of the two inmate plaintiffs to file a new individual complaint).

Step Act. (Doc. 5 at 4). She claims to have exhausted her administrative remedies. (*Id.* at 6). Respondent says otherwise. (Docs. 11, 20).

## II. Discussion

**A. Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert. *Id.* To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016).

The BOP has the authority to compute sentence credits. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). An inmate "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition involving the computation of sentence credits. *Id.* To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq.* An inmate seeking to challenge the computation of sentence credits must avail herself of the BOP's administrative remedy procedure before filing a § 2241 petition. *See Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence

credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because the petitioner failed to exhaust administrative remedies).

  The BOP administrative remedy procedure has three steps.  First, the inmate must file a grievance with the warden of the facility.  *Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)).  The grievance must be filed within twenty days of the incident leading to the grievance.  *Id*.  Second, if the inmate disagrees with the warden's response to the grievance, then the inmate may appeal to the Regional Director.  *Id*.  The appeal must be filed within twenty days of the warden's response to the grievance.  *Id*.  Finally, if the inmate is unhappy with the Regional Director's response, then the inmate may appeal to the BOP General Counsel.  *Id*.  The General Counsel appeal must be filed within thirty days of the Regional Director's response.  *Id*.  To fully exhaust, an inmate must complete each step of the BOP administrative remedy process.  *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008).  The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process.  (Doc. 11-1, at 1; Doc. 20-1 at 1).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). At step one, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (cleaned up). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*.

The current case is resolved at step one because there is no factual dispute regarding what Petitioner has done. There is simply a dispute between the parties as to whether what Petitioner has done is legally sufficient to constitute exhaustion.

### B. Petitioner failed to fully exhaust because her appeal to the General Counsel was untimely filed.

A petitioner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative appeal or grievance" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 93 (2006). Thus, a petitioner who has filed an untimely administrative appeal and not received a good cause waiver has failed to exhaust the administrative remedy process. *Bryant*, 530 F.3d at 1378-79. That is what Respondent says happened here. Respondent claims Petitioner failed to exhaust

5

because the appeal she filed with the General Counsel was untimely.

In support of the motion to dismiss, Respondent has submitted the sworn declarations of Michele Bryant, the Secretary to the Warden of FCI Tallahassee (Doc. 11-1) and Kevin Littlejohn, a paralegal at the BOP's Southeast Regional Office (Doc. 20-1). According to those declarations, on February 19, 2021, Petitioner filed her first administrative remedy request with the warden asking the BOP to apply her earned timed credits for the EBRR training towards her sentence. (Doc. 11-2 at 1). The warden received Petitioner's administrative remedy request on March 1, 2021, and denied it on March 18, 2021. (*Id*. at 2). The warden advised Petitioner that if she wished to appeal, her appeal had to be received by the Regional Director within twenty days of the warden's denial. (*Id*.).

Petitioner appealed to the Regional Director, and her appeal was received on April 1, 2021. (*Id*. at 3). The Regional Director should respond to an appeal within thirty days unless an extension is granted. *See* 28 C.F.R. § 542.18. Upon receipt of Petitioner's appeal, the Regional Director extended the deadline for responding by thirty days because of delays caused by the COVID-19 pandemic. (Doc. 20-1 at 3). Petitioner was provided with notice of this extension via a receipt generated by the SENTRY database. (*Id*.).

Although she had not yet received a response from the Regional Director, on May 3, 2021, Petitioner filed an appeal to the BOP General Counsel within FDOC's

Central Office. (Doc. 11-1 at 4). Because Petitioner filed her appeal to the General Counsel before the Regional Director had issued a decision, the General Counsel rejected the appeal as premature on May 27, 2021. (*Id*.; Doc. 20-1 at 3-4). Petitioner was advised that the Regional Director had until May 31, 2021, to issue a decision. (Doc. 20-1 at 4). Petitioner was further informed that she should wait to re-file her appeal with the General Counsel until the Regional Director issued a decision, or if the Regional Director had not issued a decision by May 31, 2021, then she could re-file after that date. (*Id*.).[2]

On June 10, 2021, the Regional Director denied Petitioner relief. (Doc. 11-2 at 3). She, therefore, had thirty days from that date to file her appeal to the General Counsel. Instead, Petitioner filed her appeal to the General Counsel on August 2, 2021, which was fifty-three days after the Regional Director issued the June 10, 2021, decision. (Doc. 11-1 at 5). The General Counsel, therefore, denied Petitioner's appeal as untimely. (*Id*.; Doc. 20-1 at 4).

As Respondent correctly argues, Petitioner failed to exhaust her administrative remedies because she never made a timely appeal to the General Counsel. Petitioner filed a premature appeal to the General Counsel, and a late

---

[2] If the Regional Director did not respond by the May 31, 2021, deadline then Petitioner was entitled to treat the appeal as denied and proceed with an appeal to the next level. *See* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

appeal to the General Counsel, but she never filed a timely appeal with the General Counsel. As the Supreme Court has explained, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90-91. Because Petitioner failed to file an appeal to the General Counsel that complied with the BOP's deadlines, she did not exhaust her administrative remedies. It is not enough that she started the administrative remedy process or completed all but the last step. Full exhaustion is required. There are three levels to the BOP's administrative remedy process, and "[a]n inmate has not fully exhausted [her] administrative remedies until [she] has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994). Petitioner did not properly complete all levels of the BOP's administrative remedy process and, therefore, her § 2241 petition should be dismissed for failure to exhaust. *See Davis*, 661 F. App'x at 563 (affirming dismissal of § 2241 petition for failure to exhaust where the petitioner filed an untimely appeal of the Regional Director's decision).

### III. Conclusion

Because Petitioner failed to fully exhaust her administrative remedies and Respondent has asserted the exhaustion defense, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's Motion to Dismiss Without Prejudice Amended 28 U.S.C. § 2241 Petition for Failure to Exhaust Administrative Remedies (Doc. 11) be **GRANTED**.

2. The amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 5) be **DISMISSED** without prejudice.

3. All pending motions be **DENIED** as moot.

4. The Clerk of Court be directed to close the file.

At Pensacola, Florida, this 2nd day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2(B);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**